UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JONATHAN FERGUSON and DESIREE CHRISTINE JAMES, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | |
| CONCEPT LASER, GmbH, RUWAC INDUSTRIESAUGER GmbH, RP OPTIONS PLUS, INC., CI-ESSE, HOFMANN INNOVATION GROUP AG, and DANIEL BEELER, | * * * * * * | Civil Action No. 14-cv-12835-ADB |
| Defendants. | * * | |

## **MEMORANDUM AND ORDER**

April 25, 2016

BURROUGHS, D.J.

### I.  INTRODUCTION

In this personal injury action, Plaintiffs Jonathan Ferguson and his wife Desiree Christine James seek to recover damages for injuries sustained by Ferguson in a workplace explosion. They allege that on November 5, 2013, a 3D printer Ferguson was cleaning at the Woburn, Massachusetts facility of his employer Powderpart, Inc. exploded, causing severe and permanent burns to the majority of Ferguson's skin. In their Amended Complaint, filed on September 28, 2015, the Plaintiffs collectively assert 24 causes of action against six defendants, including the alleged manufacturers and distributors of the equipment that exploded, as well as the company and individual who trained Ferguson on how to use it. [ECF No. 64].

On January 20, 2016, defendant CI-ESSE, who was named in Amended Complaint but not the original complaint, moved to dismiss the Amended Complaint for lack of jurisdiction.

[ECF No. 88].[1] CI-ESSE, an Italian corporation with its headquarters in Modena, Italy, argued that the Court could not exercise personal jurisdiction over it. Plaintiffs filed their opposition on February 19, 2016 [ECF No. 108], and CI-ESSE replied on March 8, 2016. [ECF No. 123]. On March 10, 2016, the parties appeared for oral argument, and the Court denied the Motion to Dismiss from the bench. [ECF No. 125]. CI-ESSE has since filed an answer to the Amended Complaint. [ECF No. 129].

This memorandum and order memorializes the decision to deny CI-ESSE's Motion to Dismiss. The Motion is denied without prejudice to possible future litigation of the issue of personal jurisdiction, after discovery is complete, on motions for summary judgment or at trial.

## II. ANALYSIS

"When a district court considers a motion to dismiss for lack of personal jurisdiction without first holding an evidentiary hearing, the *prima facie* standards governs its determination." Hilsinger Co. v. FBW Invs., 109 F. Supp. 3d 409, 416 (D. Mass 2015). Here, though the parties attached certain documents outside the pleadings to their briefs, the Court has not held an evidentiary hearing and Plaintiff has had not had the benefit of discovery. Therefore, the *prima facie* standard governs the Motion and the Court must "consider only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995) (quoting Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992)).

To establish jurisdiction over CI-ESSE, Plaintiffs must meet the requirements of both the Massachusetts long-arm statute and the Due Process clause of the Fourteenth Amendment. A

---

[1] The other five defendants answered the Amended Complaint and did not file motions to dismiss. [ECF Nos. 69, 70, 72, 73, 90].

Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 58 (1st Cir. 2016). Traditionally, courts have treated the long-arm and Due Process analysis as identical, though recently, the First Circuit has cast some doubt on this practice. See, e.g., A Corp., 812 F.3d at 59 ("[I]n recent cases, we have suggested that the Commonwealth's long-arm statute may impose limits on the exercise of personal jurisdiction 'more restrictive' than those required by the Constitution."); Cossart v. United Excel Corp., 804 F.3d 13, 18 (1st Cir. 2015) ("The requirements of the Massachusetts long-arm statute are similar to—although not necessarily the same as—those imposed by the Due Process Clause."). As a result, the Court will separately consider whether the Massachusetts long-arm statute and the Due Process clause permit the exercise of jurisdiction over CI-ESSE.

Plaintiffs assert specific jurisdiction under sections a and c of the Massachusetts long-arm statute, Mass. Gen. L. ch. 223A, § 3. According to Plaintiffs, the Court may exercise jurisdiction over CI-ESSE because: (1) the claims against CI-ESSE arise from its transacting of business in Massachusetts (section a) and (2) CI-ESSE caused tortious injury by its acts or omissions in Massachusetts (section c). Treating Plaintiffs' allegations as true for purposes of the Motion to Dismiss, the Court is satisfied that CI-ESSE falls under the Massachusetts long-arm statute. Plaintiffs allege that CI-ESSE was responsible for installing and maintaining the "M2 Cusing" machine, located in Massachusetts, which exploded and caused Ferguson's injuries. [ECF No. 64 ¶ 32]. In addition, they allege that CI-ESSE, through its employees, instructed Ferguson on how to operate and maintain the machine. Id. ¶ 45. Plaintiffs further claim that CI-ESSE was negligent in undertaking these activities. Id. ¶¶ 116-118. Accepting that CI-ESSE installed, maintained and oversaw Ferguson's use of the M2 Cusing machine, all while Ferguson and the machine were located in Massachusetts, CI-ESSE's conduct easily falls under the Massachusetts long-arm statute. Plaintiffs' claims arise from CI-ESSE's business activity in Massachusetts, and

Ferguson's injuries were allegedly caused by CI-ESSE's negligent conduct in Massachusetts. See Cossart, 804 F.3d at 18 (noting that courts should construe the "'transacting any business' language of the [Massachusetts long-arm] statute in a generous manner"); SCVNGR, Inc. v. eCharge Licensing, LLC, No. CIV.A. 13-12418-DJC, 2014 WL 4804738, at *3 (D. Mass. Sept. 25, 2014) ("It is axiomatic that in-state conduct that causes a tortious injury vests the forum state with personal jurisdiction over the defendant.") (citing Mass. Gen. L. ch. 223A, § 3(c)).

The Court's exercise of jurisdiction over CI-ESSE also comports with Due Process. To determine whether the exercise of specific jurisdiction over an out-of-state defendant conforms to the constitutional limits of Due Process, courts consider, "(1) whether the claim directly arises out of, or relates to, the defendant's forum state activities; (2) whether the defendant's in-state contacts represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable; and (3) whether the exercise of jurisdiction is reasonable." C.W. Downer & Co. v. Bioriginal Food & Sci. Corp., 771 F.3d 59, 65 (1st Cir. 2014) (quotation marks omitted). The plaintiff "must succeed on all three prongs in order to establish personal jurisdiction." Id. at 65.

The first element, the "relatedness" prong, is a flexible and relaxed standard. Pritzker v. Yari, 42 F.3d 53, 61 (1st Cir. 1994). It requires the plaintiff to show that there is a "demonstrable nexus between its claims and the defendant's forum-based activities, such . . . that the litigation itself is founded directly on those activities." C.W. Downer & Co., 771 F.3d at 66 (quotation marks omitted). The second element, the "purposeful availment" prong, "represents a rough quid pro quo: when a defendant deliberately targets its behavior toward the society or economy of a particular forum, the forum should have the power to subject the defendant to judgment

regarding that behavior." Carreras v. PMG Collins, LLC, 660 F.3d 549, 555 (1st Cir. 2011). The cornerstones of purposeful availment are "voluntariness and foreseeability." Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 61 (1st Cir. 2002); see also C.W. Downer & Co., 771 F.3d at 66 (the purposeful availment prong "places the emphasis on the defendant's intentions and prohibits jurisdiction based on 'random, fortuitous, or attenuated contacts.'") (quoting Carreras, 660 F.3d at 555). Lastly, the "reasonableness" prong is intended to ensure that the exercise of jurisdiction is fair and reasonable. C.W. Downer & Co., 771 F.3d at 69. "Even if the requisite contacts with the forum exist, the court's exercise of jurisdiction must comport with traditional notions of 'fair play and substantial justice.'" PetEdge, Inc. v. Fortress Secure Sols., LLC, No. CV 15-11988-FDS, 2015 WL 7253683, at *8 (D. Mass. Nov. 17, 2015) (quoting Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945)).

Plaintiffs have satisfied all three prongs of this Due Process inquiry. Treating the allegations in the Amended Complaint as true, CI-ESSE purposefully availed itself of the benefits and privileges of Massachusetts' laws, and Plaintiffs' claims are directly related to CI-ESSE's in-state activities. By installing and maintaining the M2 Cusing machine in Woburn, and overseeing Ferguson's use of the machine in Woburn, CI-ESSE voluntarily and purposefully generated contacts with Massachusetts. Further, this litigation arose directly from those contacts: the M2 Cusing machine that CI-ESSE allegedly brought to Massachusetts exploded while being used by an employee purportedly overseen by CI-ESSE. Finally, CI-ESSE has not demonstrated why exercising jurisdiction over it would be unreasonable or unfair. Though it may be a burden for CI-ESSE to appear in Massachusetts, that burden is outweighed by the Plaintiffs' and

Massachusetts' interest in adjudicating the dispute here, where the incident took place and the Plaintiffs are located.

### III. CONCLUSION

For the reasons stated herein and at the March 10, 2016 oral argument, the Motion to Dismiss is denied without prejudice to possible future litigation of the issue of personal jurisdiction following discovery.

**SO ORDERED.**

Dated: April 25, 2016

                                                  /s/ Allison D. Burroughs
                                                  ALLISON D. BURROUGHS
                                                  U.S. DISTRICT COURT JUDGE