UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN FERGUSON and DESIREE CHRISTINE JAMES,<br><br>    Plaintiffs,<br><br>v.<br><br>CONCEPT LASER, GmbH, RUWAC INDUSTRIESAUGER GmbH, and RP OPTIONS PLUS, INC.,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*   Civil Action No. 14-12835-ADB<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## **ORDER ON DEFENDANT RUWAC'S MOTION FOR PROTECTIVE ORDER**

BURROUGHS, D.J.

Defendant Ruwac Industriesauger, GmbH ("Ruwac") seeks a protective order to prevent video recording during the 30(b)(6) deposition of its employees scheduled for October 6-7, 2016 in Munich, Germany. For the reasons given below, the court DENIES the motion, and orders that the Defendant Ruwac elect either (1) to permit video recording during the deposition in Munich, Germany on October 6-7, or (2) to appear for a video-recorded deposition in Massachusetts.

Courts generally "have presumed that the deposition of a corporation through its agents should be taken at the corporation's principal place of business," however, "that presumption appears to be merely a decision rule that facilitates determination when other relevant factors do not favor one side over the other." Smith v. Shoe Show of Rocky Mount, Inc., No. 00-30141-MAP, 2001 WL 1757184, at *2 (D. Mass. Apr. 26, 2001) (quotations and citations omitted); see also Metcalf v. Bay Ferries Ltd., No. CIV.A. 12-40075-TSH, 2014 WL 3670786, at *1 (D. Mass. July 21, 2014) (custom of taking deposition at corporation's principal place of business "is subject to modification when justice requires"). When determining whether to modify the

location of a Rule 30(b)(6) deposition of a foreign corporation, the court considers, among other factors, "whether depositions would be impeded by barriers in the other nation." Metcalf, 2014 WL 3670786, at *1; accord Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. de C.V., 292 F.R.D. 19, 22 (D.D.C. 2013) ("courts have also considered such factors as the legal impediments to holding a deposition in the foreign nation"). "Ultimately, 'the court has a wide discretion in selecting the place of examination . . . . The particular facts of each case will determine the selection of a place for examination.'" Metcalf, 2014 WL 3670786, at *1 (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2112 at 526-27 (3d ed. 2010)).

Assuming, without deciding, that Defendant Ruwac is correct that German law would prevent the video recording of the deposition should it be held in Germany (unless its employees consent), this would frustrate the plaintiffs' ability as permitted by Fed. R. Civ. P. 30(b)(3) to record the deposition by audiovisual means. Ruwac has sufficient contacts with the United States such that it may be ordered to submit to a deposition in Massachusetts; it conducts about €400,000 per year worth of business in Massachusetts [ECF No. 160, Ex. 1], and it has taken advantage of federal rules of discovery and caselaw when deposing the plaintiff in Massachusetts [ECF No. 136]. See Metcalf, 2014 WL 3670786, at *2 (where foreign corporation designated an agent in the United States, engaged in targeting advertising in Massachusetts that led to business relationship, and conducted depositions in Massachusetts, thus availing itself of federal rules of discovery and caselaw, deposition of its agents could be ordered to occur in Massachusetts). Therefore, should Ruwac's employees decline to permit the video recording of their testimony at the deposition in Germany, the interests of justice require Ruwac to submit to a video-recorded deposition in Massachusetts.

**SO ORDERED.**

September 26, 2016 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE